60 F.3d 826
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher Warren ROACH, Defendant-Appellant.
 No. 94-5491.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 28, 1995.
Decided: July 6, 1995.
 
 Charles Linwood Morgan, Jr., Charlotte, NC, for Appellant. Mark T. Calloway, United States Attorney, H. Thomas Church, Assistant United States Attorney, Charlotte, NC, for Appellee.
 Before MURNAGHAN, WILKINSON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Christopher Warren Roach appeals from a district court judgment convicting him of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C.A. Sec. 846 (West Supp.1995), and two counts of money laundering, in violation of 18 U.S.C.A. Secs. 2 & 1956(a)(1)(A)(i) (West Supp.1995). We affirm.
 
 
 2
 At the close of trial, Roach moved for acquittal pursuant to Fed.R.Crim.P. 29 on the money laundering counts. We review the district court's denial of that motion to determine " 'whether ... any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Mills, 995 F.2d 480, 483 (4th Cir.) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)), cert. denied, 62 U.S.L.W. 3252 (U.S.1993). We examine the evidence presented at trial in the light most favorable to the Government. Id. Roach complains that there was no evidence presented at trial that showed that he used proceeds from unlawful activity in any financial transaction. United States v. Montoya, 945 F.2d 1068, 1076 (9th Cir.1991) (elements of money laundering). Several of Roach's co-conspirators testified at trial. The transcript reveals that one testified that Roach used money from the sale of cocaine to pay for an attorney to defend a co-conspirator. This was sufficient for a reasonable trier of fact to find the element Roach contends was lacking on the money laundering counts.
 
 
 3
 Roach also contends that there was no legal basis for finding an interstate commerce nexus, as required to convict under Sec. 1956. United States v. Peay, 972 F.2d 71, 74 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (U.S.1993). We review this legal question de novo. United States v. Daughtry, 48 F.3d 829 (4th Cir.1995). Congress legislated to the full extent of its power under the Commerce Clause in enacting the money laundering statute. Peay, 972 F.2d at 74. The Government was only required to show a de minimus effect on interstate commerce to satisfy the interstate commerce nexus requirement. Id. This the Government did. When Roach hired an attorney who worked both in North Carolina and Washington, D.C., he had a minimal effect on interstate commerce. Further, the drug trafficking in which Roach was involved, and which Roach intended to promote by hiring the attorney, had an effect on interstate commerce. See United States v. Gallo, 927 F.2d 815, 823 (5th Cir.1991). Therefore, we find that the nexus to interstate commerce was legally sufficient and was presented at trial.
 
 
 4
 Roach also contends on appeal that the district court improperly calculated the amount of drugs for which he was responsible. We review a district court's finding regarding drug amount for clear error. United States v. Mark, 943 F.2d 444, 450 (4th Cir.1991). And a preponderance of the evidence may support these facts. United States v. Engleman, 916 F.2d 182, 184 (4th Cir.1990). Evidence at trial revealed that Roach received at least twenty kilograms of powder cocaine from two co-conspirators and at least another ten kilograms of powder cocaine from another co-conspirator. The district court's finding that Roach was responsible for twenty-three kilograms of powder cocaine was not clearly erroneous. The evidence also revealed that Roach cooked one kilogram of cocaine into crack in front of a co-conspirator and that he received another 7271 grams from another co-conspirator. The district court's finding that Roach was responsible for two kilograms of crack cocaine is amply supported by the record. Roach's complaints regarding the credibility determinations of these testifying witnesses are not subject to review here because no extraordinary circumstances merit it. Breeden v. Weinberger, 493 F.2d 1002, 1010 (4th Cir.1974).
 
 
 5
 Roach's claims of error are without merit. Therefore, we affirm the district court's judgment and sentence order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED